IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM HAYES,

    Plaintiff,

vs.                                                    CASE NO. 1:11-cv-215-GRJ

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.

_____/

## O R D E R

Plaintiff appeals to this Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's applications for disability insurance, and supplemental security income benefits. (Doc. 1.) The Commissioner has answered (Doc. 8), and both parties have filed briefs outlining their respective positions. (Docs. 14 and 16.) For the reasons discussed below, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act (the "Act") on August 11, 2008, alleging disability beginning August 29, 2007. They were denied initially and upon reconsideration. Plaintiff then filed a timely request for an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on June 3, 2010. The ALJ issued a decision unfavorable to Plaintiff on July 8, 2010. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied

Plaintiff's request for review on August 9, 2011.  Plaintiff filed the instant complaint on October 7, 2011.  Doc. 1.  Pursuant to the parties' consent, the matter was referred to the undersigned in accordance with 28 U.S.C § 636(c).  Doc. 10.

## II.  **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2008, and had not engaged in substantial gainful activity since August 29, 2007.

The ALJ found at Step Two that Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease of the right knee, and bilateral plantar calluses.  The ALJ found that Plaintiff's medically determinable mental impairments of personality disorder, posttraumatic stress disorder, and polysubstance dependence, considered singly and in combination, did not cause more than minimal limitations on Plaintiff's ability to perform basic mental work activities and therefore were nonsevere.

The ALJ considered the four broad functional areas set out in the regulations for evaluating mental disorders, known as the "Paragraph B" criteria.  The ALJ found that Plaintiff had no limitation in the first functional area, activities of daily living, based on Plaintiff's testimony that he lives alone and handles routine household tasks including preparing meals, cleaning, and laundry.  The ALJ noted that there was no substantial evidence in the record that supported a finding that Plaintiff's mental impairments limited his activities of daily living.

The ALJ also found that Plaintiff had no limitation in social functioning, based on Plaintiff's testimony that he is easy to get along with and is not antisocial, and attends

therapy, AA meetings, and goes shopping.

The ALJ found no limitations in the third functional area, concentration, persistence, or pace. Plaintiff testified to no limitations that would impact his ability to sustain focused attention and concentration, nor was there substantial evidence in the record of such limitations.

In the fourth functional area, episodes of decompensation, the ALJ found that Plaintiff experienced no episodes of decompensation. In December 2009, Plaintiff sought mental health treatment so he could abstain from substance abuse and be considered for foot surgery, but there was no evidence that he sought treatment because of increased mental symptoms or loss of adaptive functioning.

At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equalled the listings. At Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform the full range of light work, with the limitations that he can lift and carry 20 pounds occasionally and 10 pounds frequently. The ALJ found that Plaintiff can stand or walk and sit for 6 hours in an 8-hour work day with normal breaks, and can occasionally climb ladders, ropes and scaffolds. He found that Plaintiff can frequently kneel and crawl, and should avoid concentrated exposure to extreme cold, vibrations, and hazards.

In determining Plaintiff's RFC, the ALJ noted that Plaintiff testified he was unable to work due to pain in his neck, knees, and feet, with neck pain radiating into his back and buttocks. Plaintiff testified that he was unable to stand for more than 5 minutes at a time or walk more than a half mile, and that his knees sometimes give out. Plaintiff also testified that he has mental health issues that cause depression, and he

sometimes feels someone is out to get him, and feels panic and anxiety. The ALJ found that Plaintiff's medically determinable physical impairments could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC. The ALJ reviewed the medical evidence of record regarding Plaintiff's physical impairments, which indicated that Plaintiff is capable of performing light work. As to his mental health impairments, the ALJ noted the Plaintiff did not testify to any significant limitations, and that no evidence in the record supported the existence of functional limitations attributable to mental impairments.

The ALJ determined that Plaintiff did not have the RFC to perform his past relevant work as a commercial cleaner, construction worker, tree trimmer, hospital cleaner, and hand packager. The ALJ utilized a vocational expert at the hearing, who testified that considering Plaintiff's age, education, work experience, and RFC, other work existed in the national economy that Plaintiff could perform. R. 15-23.

### III. ISSUES PRESENTED

As his first ground for relief, Plaintiff contends that the ALJ erred at Step Two by failing to include Plaintiff's mental health problems (anxiety disorder, posttraumatic stress disorder, personality disorder, and psychosis) as severe impairments. As his second ground for relief, Plaintiff contends that the ALJ erred by not including Plaintiff's mental impairments and limitations in the hypothetical to the ALJ.

In response, the Commissioner contends that the ALJ's assessment of Plaintiff's mental impairments was proper and supported by substantial evidence in the record. Doc. 16.

## IV.  **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[1]  Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[2]

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[3] The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.[4] However, the district court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.[5]

The law defines disability as the inability to do any substantial gainful activity by

---

[1] *See* 42 U.S.C. § 405(g) (2000).

[2] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); *accord,* Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[3] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[4] Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

[5] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months.[6] The impairment must be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy.[7]

The ALJ must follow five steps in evaluating a claim of disability.[8] First, if a claimant is working at a substantial gainful activity, he is not disabled.[9] Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.[10] Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.[11] Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.[12] Fifth, if a claimant's impairments (considering his residual functional capacity ("RFC"), age, education, and past work) prevent him from

---

[6] 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505 (2005) (All further references to 20 C.F.R. will be to the 2005 version unless otherwise specified.).

[7] 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

[8] 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).

[9] 20 C.F.R. § 404.1520(b).

[10] 20 C.F.R. § 404.1520(c).

[11] 20 C.F.R. § 404.1520(d).

[12] 20 C.F.R. § 404.1520(e).

doing other work that exists in the national economy, then he is disabled.[13]

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff.[14] The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy.[15]

## V. DISCUSSION

An impairment or combination of impairments is severe at Step Two of the sequential evaluation if it significantly limits one's physical or mental ability to do basic work activities.[16] To be considered "severe" a medical condition must constitute more than a "deviation from purely medical standards of bodily perfection or normality."[17] Thus, a diagnosis of "depression" does not necessarily compel the conclusion that the condition is disabling.[18] Although the threshold for meeting the definition of a "severe

---

[13] 20 C.F.R. § 404.1520(f).

[14] Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987); *see also* Doughty v. Apfel, 245 F. 3d 1274, 1278 (11th Cir. 2001).

[15] Doughty, 245 F.3d at 1278 n.2. In Doughty the court explained this burden shifting as follows:

In practice, the burden temporarily shifts at step five to the Commissioner. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. The temporary shifting of the burden to the Commissioner was initiated by the courts, and is not specifically provided for in the statutes or regulations.) (Internal citations omitted).

[16] 20 C.F.R. § 404.1520(c).

[17] McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

[18] 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also* Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("[t]here must be a showing of related functional loss" for a psychological disorder to be considered disabling).

impairment" at Step Two is low, the burden is, nonetheless, on the Plaintiff to provide evidence demonstrating the disabling impact of the mental impairments.[19] The ALJ is required to evaluate Plaintiff's mental impairments in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.[20] If the degree of limitation in the first three functional areas is rated as "none" or "mild" and "none" in the fourth area, the ALJ generally concludes the mental impairment is not severe.[21]

As support for his claims in this appeal, Plaintiff points to VA records from late 2009 and early 2010 (in connection with entry into substance abuse treatment) reflecting diagnoses of substance dependence, "psychosis likely with schizophrenia deferred," and "schizophrenia, paranoid type (provisional), R/O substance induced psychotic disorder." A February 2010 psychological assessment found no presence of a thought disorder, but difficulties with anxious mood, difficulty with feelings of anger and resentment, a tendency to blame others, and limited insight. Doc. 14 (citing VA records, Exh. 9F).

As the Commissioner points out, in his disability reports Plaintiff did not point to mental health impairments as a cause of his inability to work. R. 180, 212. Plaintiff's disability claims were based solely on his physical impairments. *Id*. At the hearing

---

[19] Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

[20] 20 C.F.R. § 404.1520a(c)(3).

[21] 20 C.F.R. § 404.1520a(d)(1). *See also* Cuthbert v. Astrue, 303 F. App'x 697, 699 (11th Cir. 2008) (per curiam).

before the ALJ, Plaintiff testified that he could not work due to "chronic pain from head to toe." R. 37.

Plaintiff was examined by consulting physician Lance Chodosh, M.D. Plaintiff alleged disability based on knee, back, neck, and foot pain. R. 252. Dr. Chodosh did not note any mental impairments, and observed that Plaintiff was fully oriented, had a normal speech pattern, and a quiet affect. He noted that Plaintiff was independent in activities of daily living. R. 252-53.

As described above, the ALJ assessed Plaintiff's impairments with respect to the four Paragraph B criteria. The records and Plaintiff's testimony did not reveal any limitation in Plaintiff's ability to perform daily activities. R. 43, 47-48, 252. As to social functioning, the Commissioner points to Plaintiff's VA records which describe him as "friendly, cooperative, pleasant, and talkative," social with his peers, and having good communication and social skills. Plaintiff's records reflect that he interacted appropriately with others, made relevant contributions to conversations, and participated in group activities. Doc. 16 (citing VA records, Exh. 9F). In the areas of concentration, persistence, or pace, Plaintiff testified that his memory and ability to concentrate was "pretty fair," and that he read a devotion and Bible passage every day. Records describe Plaintiff as attentive, engaged, respectful, and participating constructively in group discussions. R. 42, *see* VA Records, Exh. 9F. As the ALJ noted, there was no record evidence that Plaintiff experienced any extended episodes of decompensation. R. 18; *see* VA Records, Exh. 9F.

Although the VA records referenced by Plaintiff reflect diagnoses of mental

impairments, Plaintiff has pointed to no record evidence that undermines the ALJ's conclusions regarding his functional abilities. On this record, the ALJ's conclusion that Plaintiff's asserted mental impairments are not severe is supported by substantial evidence. Further, there is no evidence that Plaintiff's mental impairments caused any functional limitation that should have been included in the ALJ's hypothetical to the VE.

## VI.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the decision of the Commission denying benefits is **AFFIRMED**. The Clerk is directed to enter final judgment in favor of the Commissioner consistent with this Order and close the file.

**DONE AND ORDERED** this 31st day of October 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge